981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney BROWNING, Defendant-Appellant.
 No. 91-50317.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 7, 1991.*
Decided Dec. 16, 1992.
 
 Before CANBY, BOOCHEVER and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Browning appeals his conviction, following a jury trial, of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and distribution of cocaine base, also in violation of section 841(a)(1). He claims the district court abused its discretion by denying his motion to substitute counsel. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Before his trial, Browning sent the district court a letter in which he requested the substitution of new counsel. The district court conducted a hearing and denied Browning's request. Browning sent the court another letter several weeks later, in which he renewed his earlier request. Browning's appointed counsel, at the direction of the court, filed a declaration under seal in response to Browning's second letter. After reviewing Browning's letter and his counsel's declaration, the court, on November 19, 1990, construed Browning's letter as a motion to substitute counsel and then denied the motion. Browning only appeals the court's second denial of his motion to substitute counsel.
 
 
 4
 We review for abuse of discretion a district court's denial of a motion to substitute counsel. United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991). A refusal to allow substitution of counsel may deprive a defendant of his sixth amendment right to effective assistance of counsel if the defendant and his counsel are embroiled in an "irreconcilable conflict." United States v. McClendon, 782 F.2d 785 (9th Cir.1986) (quotation omitted). In reviewing a district court's refusal to allow substitution, "we evaluate three factors: the timeliness of the motion, the adequacy of the district court's inquiry into the defendant's complaint, and whether the asserted conflict created a total lack of communication such that the defendant was unable to present an adequate defense." United States v. Garcia, 924 F.2d 925, 926 (9th Cir.), cert. denied, 111 S.Ct. 2809 (1991). We examine each of these factors in turn.
 
 
 5
 We have uniformly held that "a district court has broad discretion to deny a motion for substitution made on the eve of trial if the substitution would require a continuance." Id. at 926. Although Browning's letter was dated October 31, 1990, the record does not indicate when the court received it. The court did not act upon Browning's request until November 19, 1990, eight days before trial began on November 27, 1990. In any event, Browning's motion clearly was not made on the eve of trial. The government contends the court might nonetheless have been concerned that granting Browning's motion would have required a continuance because of the complex nature of the case and the volume of evidence involved. While this may be true, the district court did not indicate that timing or delay affected its decision to deny Browning's motion. We therefore do not find the questionable timeliness of Browning's motion dispositive of this issue. See United States v. Walker, 915 F.2d 480, 482-83 (9th Cir.1990).
 
 
 6
 Under the second factor, we must assess the adequacy of the district court's inquiry into Browning's request for substitution. "The nature of our review requires that we accord the district court sufficient latitude to conduct the proper inquiry under the circumstances of each case." Id. at 483. The district court conducted an extensive hearing in response to Browning's first request for substitution of counsel. In response to his second request, the court reviewed Browning's letter and his counsel's declaration detailing his extensive preparation for trial; the court did not, however, hold a hearing or formal inquiry. The court's extensive questioning in response to Browning's original request and its review of the written statements were sufficient under the circumstances of this case. See McClendon, 782 F.2d at 789.
 
 
 7
 As for the third and final factor, the record does not show that the alleged conflict between Browning and his counsel prevented Browning from conducting an adequate defense. The record does not reveal a lack of communication between Browning and counsel, and it indicates that Browning's counsel performed competently in preparing and trying a case despite the overwhelming evidence against his client. Even after Browning physically attacked counsel during trial, Browning still accepted counsel's advice to accept a plea bargain. When the court rejected the plea bargain, moreover, Browning's counsel went on to deliver a competent closing argument. Although the relationship between Browning and his counsel was obviously "disturbed," Browning did not establish that there was "a total lack of communication which prevented an adequate defense as required to establish abuse of discretion." Schaff, 948 F.2d at 505 (internal quotations omitted).
 
 
 8
 The balance of these three factors weighs clearly against Browning's claim. We therefore conclude that the district court did not abuse its discretion in denying Browning's motion to substitute counsel.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3