983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel RODRIGUEZ-MARTINEZ, aka Eduardo Cuzares-Guerrero,
Defendant-Appellant.
 No. 92-50108.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 12, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miguel Rodriguez-Martinez, aka Eduardo Cuzares-Guerrero, appeals his conviction following a jury trial for transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(B). Rodriguez-Martinez contends that the district court erred by denying his motion for substitution of counsel and that he was denied effective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Substitution of Counsel
 
 
 4
 Rodriguez-Martinez contends that the district court abused its discretion by not granting his motion to substitute counsel because "[h]e no longer trusted his counsel's advice, would not communicate with him, and essentially failed to cooperate in his defense." This contention lacks merit.
 
 
 5
 We review the denial of a motion for substitution of counsel for an abuse of discretion. United States v. Torres-Rodriguez, 930 F.2d 1375, 1380 (9th Cir.1991); United States v. Wadsworth, 830 F.2d 1500, 1506 (9th Cir.1987). We examine three factors in our review of the district court's decision: "(1) the timeliness of the motion to dismiss counsel; (2) the adequacy of the court's inquiry into defendant's complaint; (3) whether the conflict between the defendant and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense." Torres-Rodriguez, 930 F.2d at 1380.
 
 A. Timeliness
 
 6
 Rodriguez-Martinez moved for substitution of counsel at a hearing on September 27, 1991, five weeks before the trial date set for November 5, 1991. This motion was denied. He renewed his motion on the first day of trial on November 5th, and at his sentencing hearing following trial on February 3, 1992. These renewed motions also were denied.
 
 
 7
 At the September 27, 1991 hearing, "the district court did not discuss the lack of timeliness or any potential delay posed by [Rodriguez-Martinez'] motion, nor did it indicate that timeliness was a consideration underlying its denial of the motion." See United States v. Walker, 915 F.2d 480, 482-83 (9th Cir.1990). Furthermore, in view of the fact that Rodriguez-Martinez made his motion five weeks before trial in the first instance, timeliness clearly was not dispositive of the issue at that time.
 
 
 8
 "It is within the trial judge's discretion to deny a motion to substitute made during or on the eve of trial if the substitution would require a continuance." United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986).
 
 
 9
 On the first day of trial and upon renewal of the motion for substitution, the district court noted timeliness as a factor in its decision to deny the renewed motion. Upon the second renewal of the motion at the sentencing hearing the court did not comment on timeliness in again denying the motion. The timing of these renewed motions, however, supports the district court's denial of the motions. See id.
 
 B. Adequacy of Inquiry
 
 10
 In assessing the adequacy of the district court's inquiry into the reasons for the request for substitute counsel we must determine whether the district court focused "on the nature and extent of the conflict between defendant and counsel." Walker, 915 F.2d at 483. "A defendant who seeks to replace one appointed counsel with another, ..., will need to justify the replacement even in the absence of delay in the proceedings." Torres-Rodriguez, 930 F.2d at 1380 n. 2.
 
 
 11
 At the September 27, 1991 hearing, the district court made no inquiry of Rodriguez-Martinez regarding his reasons for seeking new counsel. Rather, the court was informed by counsel Shawn Hays himself that in Hays' "attempt to reach an early disposition in the case communication between [himself] and [Rodriguez-Martinez] has been compromised." Hays also stated that he believed Rodriguez-Martinez had lost trust in Hays' advice. Based on Hays' statements to the court, it concluded that "just because the Defendant, ..., feels that he doesn't have trust in his appointed attorney," he is not entitled to have substitute appointed counsel.
 
 
 12
 Although it would have been preferable to permit Rodriguez-Martinez himself to explain the alleged conflict with counsel, the record reveals that the court was clearly informed of the extent and nature of this conflict by counsel in this instance. Thus, the court had a sufficient basis to reach an informed decision. See Schaff, 948 F.2d at 504-05; McClendon, 782 F.2d at 789.
 
 
 13
 On the first day of trial, just prior to the start of proceedings, Rodriguez-Martinez renewed his motion for substitution. At that time the district court questioned Rodriguez-Martinez himself at length concerning his relationship with his appointed counsel. In denying the motion following this colloquy, the court, addressing Rodriguez-Martinez, stated:
 
 
 14
 [Y]ou may have disagreements about what tactics there should be in the trial but he's the attorney.
 
 
 15
 * * *
 
 
 16
 You've got to trust him and rely upon him. Among the factors I'm supposed to consider on a motion for--to be relieved and a new counsel appointed are the timeliness of the motion. Obviously this is very late, this being the day for trial and actually the jury's out in the hall. Secondly, the reasons. And, as I say, a lot of it--in fact, almost all of it--sounds like its either confusion by Mr. [Rodriguez-Martinez] about what is admissible in evidence and frustration about past cases, which would not be anything that any other attorney could do differently. And listening to it, frankly, I can't see where there's anything any attorney could do differently.
 
 
 17
 Our review of the transcript of the colloquy between the court and Rodriguez-Martinez reveals that the court conducted an adequate inquiry into the nature and extent of the alleged conflict with counsel. See McClendon, 782 F.2d at 789.
 
 
 18
 Finally, upon renewing the motion for substitution at the sentencing hearing, Rodriguez-Martinez informed the court that the reasons for the motion were the same as those given on the first day of trial. Thus, further inquiry by the court clearly was not necessary at that time.
 
 C. Extent of Conflict
 
 19
 "An indigent defendant is entitled to appointed counsel, but not necessarily to appointed counsel of his choice." Torres-Rodriguez, 930 F.2d at 1380 n. 2. "[T]here is no sixth amendment right to a 'meaningful relationship' between an accused and counsel." United States v. Schaff, 948 F.2d 501, 505 (9th Cir.1991) (quoting Morris v. Slappy, 461 U.S. 1, 14 (1983)). To establish that the district court abused its discretion by denying the motion for substitution, the defendant must show a total lack of communication with counsel that prevented an adequate defense. Schaff, 948 F.2d at 505.
 
 
 20
 As to Rodriguez-Martinez' initial motion for substitution, our review of the transcript of the pretrial proceedings does not reveal a conflict with counsel so great that counsel was prevented from either communicating with Rodriguez-Martinez, or preparing an adequate defense. See Schaff, 948 F.2d at 504-05.
 
 
 21
 The colloquy between the district court and Rodriguez-Martinez on the first day of trial supports its finding that the alleged conflict with counsel again was not so great that counsel was prevented from presenting an adequate defense at trial. See Id.
 
 
 22
 Finally, because the reasons given by Rodriguez-Martinez before trial did not support his motion for substitution of counsel, those same reasons were clearly inadequate to support substitution at sentencing.
 
 II
 Ineffective Assistance
 
 23
 Rodriguez-Martinez contends that he was denied his sixth amendment right to the effective assistance of counsel because his trial counsel failed to bring a motion for dismissal of the charges against him after the government returned certain witnesses to Mexico.
 
 
 24
 Generally, we do not review claims of ineffective assistance of counsel on direct appeal because facts outside the record, but necessary to the disposition of the claim, are not fully developed in the record on direct appeal. United States v. Laughlin, 933 F.2d 786, 788-89 (9th Cir.1991). This court will review ineffective assistance claims on direct appeal "only if 'the defendant's legal representation was so inadequate as obviously to deny him his sixth amendment right to counsel' and 'the trial court's failure to take notice sua sponte of the problem' amounted to plain error." Laughlin, 933 F.2d at 789 n. 1 (quoting United States v. Wagner, 834 F.2d 1474, 1482 (9th Cir.1987)); see also United States v. Miskinis, 966 F.2d 1263, 1269 (9th Cir.1992) ("the decision to defer resolution of an ineffective assistance of counsel claim is a discretionary one and depends upon the contents of the record in a particular case"); cf. Mal, 942 F.2d at 689 (addressing ineffective assistance claim on direct appeal because record was sufficiently complete).
 
 
 25
 Here, five illegal aliens were discovered in the van driven by Rodriguez-Martinez. Two of the illegal aliens were detained by the government as material witnesses at trial, and the remainder were returned to Mexico. Rodriguez-Martinez contends that under United States v. Valenzuela-Bernal, 458 U.S. 858 (1982), the government was required but failed to make a "good faith determination regarding the favorableness of any material witness' potential testimony prior to putting them beyond the reach of the defendant's subpoena." Rodriguez-Martinez argues that because of the government's failure in this regard, his counsel should have brought a pretrial motion for dismissal of the indictment. Rodriguez-Martinez' contention that his trial counsel's failure to bring this motion prejudiced him could benefit from an explanation by counsel and from further development of the record on the issue of prejudice. See Mal, 942 F.2d at 689; Laughlin, 933 F.2d at 788-89. Accordingly, we decline to consider Rodriguez-Martinez' ineffective assistance claim on direct appeal.[1]
 
 
 26
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we decline to consider Rodriguez-Martinez' ineffective assistance claim on direct appeal, his motion to submit a supplemental brief elaborating on this claim is denied