UNITED STATES of America,
Plaintiff-Appellee,

v.

Tony Richard CASANOVA,
Defendant-Appellant.

No. 79–1789.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 1980.

Decided April 16, 1981.

Rehearings Denied May 20 and 26, 1981.

John W. Tulacz, Los Angeles, Cal., for
defendant-appellant.

Deanne H. Smith, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING, Chief Judge, ALARCON, Circuit Judge, and CLAIBORNE,* District Judge.

PER CURIAM:

We affirm appellant's conviction of aiding and abetting the robbery of a savings and loan association.

Appellant asserts he was denied effective assistance of counsel because his attorney (1) "represented to the court prior to the commencement of trial that the attorney-client relationship had completely broken down, but did not make a record of the factual bases supporting this assertion"; (2) "did not renew a motion to continue or be relieved as counsel after being apprised in open court . . . of a defense based on the involuntariness of defendant's acts"; and (3) "failed to present any defense whatsoever although apprised of a possible defense based on the involuntariness of defendant's acts and the availability of one or more witnesses to testify thereto."

■ The record does not establish ineffective assistance of counsel under the standards announced in *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978) (*en banc*). As to the first claim, trial counsel appeared to be fully familiar with the facts and applicable law; there is nothing in the record to support the suggestion that counsel's failure to make a more specific factual showing in support of his assertion that communication between himself and his client had broken down was based upon anything other than an absence of any basis for such a showing. Moreover, appellant's new counsel in this appeal has noted that even he

could "only speculate" as to what such facts would be.[1] As to the second and third claims, so far as this record shows defense counsel's course of conduct in challenging the adequacy of the government's evidence identifying appellant as the perpetrator of the offense, rather than undertaking to present an affirmative defense of involuntariness, was a reasonable choice among available trial strategies.

Appellant also asserts that he was impermissibly prejudiced by the admission of testimony concerning his involvement in two prior robberies, and that there was insufficient evidence to support his conviction.

■ The district court did not abuse its discretion in concluding that the probative value, on the issue of appellant's knowledge and intent, of evidence that appellant had committed two similar robberies within a month prior to the offense charged outweighed any improper prejudicial effect of this evidence.

■ The evidence of guilt was adequate. The testimony of an accomplice, if believed, is sufficient to sustain a conviction. *United States v. Williams*, 435 F.2d 642, 646 (9th Cir. 1970). In any event, the accomplice's testimony was corroborated by the testimony of two other witnesses.

AFFIRMED.

ALARCON, Circuit Judge, dissenting:

I respectfully dissent.

By ruling that the motion was untimely, the trial judge utterly failed to exercise his discretion as to whether there was a breakdown in the attorney-client relationship which required the granting of appellant's motion for a substitution to protect appellant's right to the effective assistance of counsel.

---

* Honorable Harry A. Claiborne, United States District Judge for the District of Nevada, sitting by designation.

1. We express neither agreement nor disagreement with our dissenting brother's analysis of the trial court's compliance with *United States v. Mills*, 597 F.2d 693 (9th Cir. 1979). The issue

is not properly before us. It was not raised by appellant, nor is reversal "necessary to avoid a miscarriage of justice or to preserve the integrity or reputation of the judicial process." *United States v. Licavoli*, 604 F.2d 613, 623 (9th Cir. 1979).

My esteemed colleagues have concluded that "there is nothing in the record to support the suggestion that counsel's failure to make a more specific factual showing in support of his assertion that communication between himself and his client had broken down was based upon anything other than an absence of any basis for such a showing." Ante at 1. The majority is quite correct in noting that the record is silent as to the facts which support the claim of a breakdown in the attorney-client relationship. However, the reason advanced by the majority for the failure to present any evidence in support of the contention that there was a breakdown in the attorney-client relationship is sheer speculation. The majority has failed to point out that the reason the record is silent is that the trial court refused to grant appellant's written application for a factual hearing as to his motion for substitution of counsel based on a "breakdown in his attorney-client relationship with his present attorney of record." (Application for Order Shortening Time Re: Hearing, at 2, lines 4–6). This application was filed on August 21, 1979. During the morning session of the court on August 21, 1979, Mr. Yam advised the court that he first became aware of the breakdown in his relationship with his client the previous afternoon. The district court denied appellant the opportunity to present any evidence on the basis that the request was untimely. Had the district court conducted a factual hearing, as it was required to do by the law of this circuit, it may be, as conjectured by my colleagues, that the record would have disclosed insufficient facts to permit a substitution on the grounds of a breakdown in the attorney-client relationship. The majority has somehow converted the denial of an opportunity to present evidence of a breakdown in the attorney-client relationship into a conclusive presumption that no such evidence exists.

Appellee forthrightly frames the controlling issue in this case as follows: "Whether the trial court's refusal to grant the requested substitution violated his right to effective counsel."

The test for determining whether a trial court has violated a defendant's right to effective counsel by denying a request to dismiss counsel was summarized by this court in *United States v. Mills*, 597 F.2d 693 (9th Cir. 1979):

The denial of a motion to dismiss counsel is a matter resting within the sound discretion of the trial judge. (citation omitted) However, the court's discretion is not without limit. In *Brown v. Craven*, 424 F.2d 1166 (9th Cir. 1970), we held that refusal to allow the substitution of attorneys may result in a denial of the constitutional right to effective assistance of counsel if the defendant and his attorney are embroiled in an "irreconcilable conflict". *Id.* at 1170. In applying the rule developed in *Craven*, we consider a number of factors, including the timeliness of the motion to dismiss counsel, the adequacy of the court's inquiry into the defendant's complaint, and whether the conflict between the defendant and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense. 597 F.2d at 700.

In *Mills*, we found that the district court "held an adequate and fair hearing on *Mills*' motion." *Id.*

Applying the *Mills*' test to the matter before us, the record discloses the following facts:

1. The motion was presented at the next session of the court after counsel discovered that there was a breakdown in the attorney-client relationship. Thus, under the facts of this case, the motion for dismissal of counsel was not untimely when measured from the time of the discovery of the facts which could be presented in support of the requested substitution.

2. No factual hearing was held. This is not, then, a case of abuse of discretion. The trial court failed to exercise the discretionary powers spelled out in *Mills*. As pointed out in *Mills* in the passage quoted above, refusal to allow a substitution of attorneys may result in a denial of the constitutional right to effective assistance of counsel where there is a irreconcilable

breakdown in the attorney-client relationship. I do not believe we can avoid our responsibility under *Mills* by upholding the denial of a fair and adequate hearing on the grounds that the resultant silence in the record establishes no abuse of discretion.

3. No defense was presented at trial. Yet, the record shows that, just prior to the commencement of trial, appellant informed the trial court that he had witnesses who would corroborate his claim that he was, at the time of the alleged offense, taking a pill called libitrol which made him incapable of recalling what occurred at the time of the robbery. Further, appellant advised the court that while he did drive the car, he did not know that Mr. Berger was going to rob a bank. Upon hearing these statements, the trial court refused to accept appellant's offer to plead guilty.[1] Appellant's statement to the court, that his attorney did not inform him of the defenses available to the charges against him, is some evidence of "total lack of communication preventing an adequate defense." 597 F.2d at 700. The trial court should have reconsidered its refusal to grant a hearing as to whether there was a breakdown in the attorney-client relationship when it became apparent trial counsel was not going to present the defenses relied upon by his client.

The record is silent as to reasons why no defense was presented in the face of appellant's open-court claim that he was unable to recall the events leading up to the commission of the crime and that he did not know that a bank was going to be robbed. An inquiry by the trial court, alerted to these defenses, and having already been apprised of the alleged irreconcilable conflict, would have permitted this court to determine if the failure to present a defense was caused by a breakdown in the attorney-client relationship.

The majority has refused to "express agreement nor disagreement" with the foregoing analysis on the basis that the

failure to comply with *United States v. Mills*, 597 F.2d 693 (9th Cir. 1979), was not raised by appellant and the record fails to disclose plain error reflecting a miscarriage of justice. I would not so narrowly construe appellant's grounds on appeal and as a result avoid confronting the serious constitutional issues presented by this record.

It is quite true that appellant's counsel on appeal failed to cite *United States v. Mills*. However, the first paragraph of appellant's opening brief alerts this court to the fact that "defendant's attorney at trial represented to the court prior to the commencement of trial that the attorney-client relationship had completely broken down . . . ."

Instead of focusing on the district court's duty to inquire into the nature of the accused's complaint as compelled by *Mills*, appellant's counsel on appeal accuses trial counsel of ineffectiveness in failing to "make a record of the factual basis" to support the claim that there had been a breakdown in the attorney-client relationship. As I have noted above, the record shows that the district court refused trial counsel's request for an opportunity to present any evidence on this issue.

The majority has relied on *United States v. Licavoli*, 604 F.2d 613, 623 (9th Cir. 1979), *cert. denied*, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980), in support of its refusal to consider the impact resulting from the alleged breakdown in the attorney-client relationship proceedings on the fairness of the trial. The *Licavoli* court stated: "We will not reverse for plain error unless it appears necessary to avoid a miscarriage of justice or to preserve the integrity or reputation of the judicial process." *Id.* at 623 (emphasis added).

The majority has failed to discuss the applicability of the *Licavoli* standard to the facts before this court. I would not use *Licavoli* to justify a denial of appellant's constitutional rights. The true message of *Licavoli* is that an appellate court has an affirmative duty to reach an issue not prop-

---

[1] It should be noted that during these proceedings, appellant informed the court that he had not been advised as to any defenses which he might have to the charge. After a recess, appellant told the court he had been informed as to any possible defenses he might have to the charge.

erly raised below, in order to preserve the integrity of the judicial process, even though the facts may *not* disclose a miscarriage of justice. Forcing a defendant to trial after the court has been advised that there has been a complete breakdown in the attorney-client relationship, without hearing from the defendant as required by *Mills*, is to my mind a classic example of conduct which threatens the integrity of the judicial process.[2]

Assuming that the issue of the court's duty under *Mills* was not appropriately raised by the briefs, I believe that substantial evidence in this record demonstrates that trial counsel's failure to assert the only viable defenses available to the defendant was a direct result of the breakdown in the attorney-client relationship. Appellant was thus denied effective assistance of counsel. Under such circumstances, appellant was also the victim of a miscarriage of justice.

I would REVERSE the judgment.

---

2. It is interesting to note that the standard relied upon by the majority to avoid reaching the issue discussed in this dissenting opinion has been criticized as too restrictive. See 3 C. Wright, Federal Practice and Procedure § 856 at 374 (1969). It should also be noted that Rule 52(b) of the Federal Rules of Criminal Procedure contains no requirement that the error must have caused a miscarriage of justice.

Rule 52(b) merely requires that the error or defect which was not brought to the attention of the court affect "substantial rights". Surely it cannot be disputed that the right to effective assistance of counsel unhampered by a breakdown in the attorney-client relationship is substantial.