17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory TABAREZ, Petitioner-Appellant,
v.
Vernon SMITH, et al., Respondents-Appellees.
 No. 93-15417.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory Tabarez, a California state prisoner, appeals the denial of his 28 U.S.C. Sec. 2254 habeas petition. Tabarez contends that his Sixth Amendment right to counsel was violated when the trial judge at his sentencing hearing denied a request for new counsel. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Chatman v. Marquez, 754 F.2d 1531, 1533-34 (9th Cir.), cert. denied, 474 U.S. 841 (1985), and affirm.
 
 
 3
 When a defendant or his defense counsel raises an objection regarding a possible conflict of interest, the trial court must conduct a timely inquiry into the propriety of the continued representation. Holloway v. Arkansas, 435 U.S. 475, 484 (1978); People v. Marsden, 2 Cal.3d 118, 126 (1970). In evaluating the trial court's denial of a motion for new counsel, the reviewing court must consider the following factors: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and counsel was so great that it resulted in total lack of communication preventing an adequate defense. United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986); Hudson v. Rushen, 686 F.2d 826, 829 (9th Cir.1982), cert. denied, 461 U.S. 916 (1983). A trial judge has the discretion to deny a motion to substitute counsel made on the eve of trial if the substitution would require a continuance. United States v. Castro, 972 F.2d 1107, 1110 (9th Cir.1992) (motion filed three days prior to trial deemed untimely), cert. denied, 113 S.Ct. 1350 (1993); McClendon, 782 F.2d at 789 (motion filed on first day of trial held untimely). A trial court does not abuse its discretion in denying a motion for new counsel where the motion was brought for purposes of delay or where there is insufficient showing of a conflict with current counsel. See Morris v. Slappy, 461 U.S. 1, 13 (1983); McClendon, 782 F.2d at 789.
 
 
 4
 Here, Tabarez waited until his sentencing and judgment hearing before making his request for new counsel, and made this request immediately after the court had denied his motion for a continuance. Taberez claims his request for new counsel at his sentencing hearing was timely because it was not until then that he learned that his attorney failed to diligently investigate other witnesses. However, Taberez knew that the judgment and sentencing hearing had been continued once already to allow the completion of the witness investigation. Also, Taberez received numerous continuances throughout the course of the proceedings in order to locate witnesses. Based on these facts, it was reasonable for the trial judge to conclude that Taberez's request for new counsel was untimely. See Castro, 972 F.2d at 1110; McClendon, 782 F.2d at 789.
 
 
 5
 Directly preceding Taberez's request for new counsel, the trial court had completed an inquiry into his motion for continuance. This motion was based on the same reasons supporting his claim of an attorney-client conflict. The court specifically asked counsel to explain the steps he had followed to contact various witnesses. Counsel's explanation was satisfactory. The record shows that the witnesses had failed to contact counsel, not the other way around. Thus, given the circumstances, it would have been futile for the court to repeat this inquiry once Taberez made his request for new counsel presenting identical reasons for his continuance. Therefore, the trial court's inquiry was as comprehensive as circumstances would permit. See Hudson, 686 F.2d at 831.
 
 
 6
 Finally, Taberez fails to demonstrate that the conflict between him and counsel was so great that it resulted in total lack of communication preventing an adequate defense. Up until the conclusion of his trial, Taberez had never raised the issue of an attorney-client conflict. The entire basis for this claim was identical to his motion for a continuance which the court had denied. As stated earlier, Taberez knew that the judgment and sentencing hearing had been continued once already to allow the completion of the witness investigation. Also, Taberez received numerous continuances throughout the course of the proceedings in order to locate witnesses. Thus, it was reasonable for the trial court to conclude that Taberez's request for new counsel during his judgment and sentencing hearing was an attempt to further delay his proceedings. See Morris, 461 U.S. at 13; McClendon, 782 F.2d at 789. Therefore, the trial court did not violate Taberez's Sixth Amendment right to counsel by denying his request for new counsel. See McClendon, 782 F.2d at 789; Hudson, 686 F.2d at 829.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3