59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v
Gun Ho KIM, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v
Hyung Su LEE, aka Chris Lee, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v
Hyung Su LEE, aka Chris Lee, Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellant,
v
Gun Ho KIM, Defendant-Appellee.
 Nos. 94-50173, 94-50176, 94-50230 and 94-50242.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1995.
Decided June 19, 1995.
 
 Before: WALLACE, Chief Judge, KOZINSKI and RYMER, Circuit Judges.
 MEMORANDUM
 Kim and Lee appeal from their judgments and challenge their sentences for conspiracy to distribute and attempted possession of methamphetamine. Kim also raises the issue of his conviction. The government cross-appeals, raising a different issue involving the sentences. We have jurisdiction over these timely appeals pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We affirm Kim's conviction. The sentences of Kim and Lee are vacated and remanded.
 
 
 1
 * Kim contends that the district court abused its discretion by refusing his motion for substitution of counsel. The district court's refusal to substitute counsel is reviewed for abuse of discretion. United States v. Castro, 972 F.2d 1107, 1109 (9th Cir. 1992) (Castro), cert. denied, 113 S. Ct. 1350 (1993); United States v. Walker, 915 F.2d 480, 482 (9th Cir. 1990) (Walker). In reviewing the district court's refusal to substitute counsel, we look into: (1) the timeliness of the motion; (2) the adequacy of the district court's inquiry into the defendant's complaint; and (3) whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense. Castro, 972 F.2d at 1109; Walker, 915 F.2d at 482.
 
 
 2
 Because Kim did not move for substitution until the day of trial, his motion was clearly untimely. See United States v. McClendon, 782 F.2d 785, 786, 789 (9th Cir. 1986) (motion on day of trial untimely). Although he told counsel that he desired to speak to the court the Friday before trial, he did not indicate why. Because untimeliness was so obvious, the district court did not need to comment on it.
 
 
 3
 The district court's inquiry into the nature of the complaint was adequate. The court held an in camera hearing which consumes over ten pages of transcript. The court gave Kim an opportunity to explain the nature of his complaint. Kim made a number of statements, but his principal complaint concerned counsel's failure to procure transcripts in Korean of certain recorded conversations so that he could explore certain alleged deficiencies in the translations. Kim also complained that counsel was unprepared and did not believe him. The court made adequate inquiry concerning the accuracy of the translations and the availability of the transcripts. The court looked into whether counsel was prepared for trial. The court clearly satisfied itself that Kim's complaints regarding the translations and his attorney's preparedness for trial were unfounded.
 
 
 4
 It is also clear that there was no conflict between Kim and his attorney so great as to result in a complete breakdown in communication and a consequent inability to present a defense. Unlike the situation in Walker, 915 F.2d at 848, Kim was not so opposed to his attorney that it resulted in a complete refusal to cooperate and communicate. Like the defendant in Castro, Kim has "advanced no evidence that any lack of communication prevented the presentation of his defense." Castro, 972 F.2d at 1110.
 
 
 5
 Kim argues that the district court erred by admitting statements made in furtherance of plea negotiations. The district court's finding that the parties were not engaged in plea negotiations is reviewed for clear error. United States v. Guerrero, 847 F.2d 1363, 1367 (9th Cir. 1988). There was no clear error. Moreover, neither Federal Rule of Criminal Procedure 11(e)(6) nor Federal Rule of Evidence 410(4) apply in this case because Kim's statements were not made to attorneys but to the arresting officers. United States v. Sitton, 968 F.2d 947, 956-57 (9th Cir. 1992), cert. denied, 113 S. Ct. 1306 (1993); United States v. Bernal, 719 F.2d 1475, 1478 (9th Cir. 1983).
 
 II
 
 6
 Kim and Lee argue that the district court erred by calculating their sentences based on the methamphetamine guideline rather than the marijuana guideline. There was sufficient evidence to support the finding that they intended to purchase methamphetamine rather than marijuana. The government's evidence concerning the cost of methamphetamine ($50,000/kilo) and marijuana ($15,000/kilo), combined with their own insistence that they originally intended to purchase only 1 kilo of drugs and their possession of $55,000, strongly suggests that Kim and Lee intended to purchase methamphetamine. This evidence plus Kim's written confession were sufficient to support application of the methamphetamine guideline.
 
 
 7
 Citing United States v. Petty, 982 F.2d 1374, 1376 (9th Cir. 1993), Kim argues that he cannot be held accountable for the entire 3 to 5 kilograms negotiated by Lee because there is no evidence that he could have foreseen that such a quantity would have been the object of the conspiracy. Having arrived at the restaurant with $55,000, after attempting to procure $100,000, Kim could have foreseen that the conspiracy might expand to the purchase of 3 to 5 kilos. Indeed, Kim stated, while the transaction was being negotiated, that he wanted to be the only person dealing with the supplier.
 
 
 8
 Kim and Lee argue that their sentences must be reversed because the district court erroneously believed that it lacked authority to depart downward based on imperfect duress or sentencing entrapment. The district court's discretionary decision not to depart is unreviewable on appeal. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir. 1992), cert. denied, 113 S. Ct. 1665 (1993). "[D]ecisions to deny downward departure will be considered discretionary unless the district court indicates that its refusal to depart rests on its view that it could not as a matter of law do so." United States v. Pinto, 48 F.3d 384, 389 (9th Cir. 1995).
 
 
 9
 Kim argues unpersuasively that the district court's reference to the fact that the jury rejected the duress argument suggests that it did not believe that it could depart on the basis of imperfect duress. The district court found that the testimony concerning these potential mitigating circumstances was "highly implausible," suggesting that it also did not believe that there was any duress. The district court's statement: "I don't think there was entrapment here," does not show, as Kim suggests, that the district court believed that it lacked authority to depart under such a theory. To the contrary, it shows that the district court found that such a departure was not warranted in this case even if legally available. We hold that the district court did not refuse to grant such departures based on an erroneous belief that such departures are legally unavailable, and its decisions are therefore unreviewable.
 
 III
 
 10
 On the cross-appeals, the government argues that the district court could not change the sentences six days after entering judgment pursuant to Federal Rule of Criminal Procedure 35(c), which allows the district court, within seven days of sentencing, to "correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." We need not reach this issue, however, because even if the district court had the authority to modify the sentences, the modified sentences must be vacated because the departures were legally unavailable.
 
 
 11
 United States Sentencing Guidelines Sec. 5H1.6 provides: "Family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Family ties may, however, form the basis for such departure in "extraordinary circumstances." United States v. Mondello, 927 F.2d 1463, 1468-70 (9th Cir. 1991); see also United States v. Boshell, 952 F.2d 1101, 1106-07 (9th Cir. 1991) ("Only in extraordinary circumstances may a court rely on one of the six factors listed in section 5H1.1-6 to depart from the Guidelines range."). Lee's family circumstances are not extraordinary. He has elderly parents, a six year old child, and two sisters, one of whom cares for his son. Many adults have elderly parents and young children. Although it is unfortunate that Lee is a single parent and that his son will not be raised by him, we are sad to say that such circumstances are not extraordinary; they are all too common in our society.
 
 
 12
 Kim's sentence must also be vacated. It is impermissible for the district court to depart downward based on the desire to equalize the sentences of codefendants. United States v. Mejia, 953 F.2d 461, 467-68 (9th Cir. 1991), cert. denied, 504 U.S. 926 (1992).
 
 IV
 
 13
 Lee raises a number of new arguments in his reply brief, including claims of Winship error. We do not address them because neither his opening brief nor the government's opening brief raised them. See Eberle v. City of Anaheim, 901 F.2d 814, 817-18 (9th Cir. 1990).
 
 
 14
 Kim's conviction is AFFIRMED. Kim and Lee's sentences are VACATED. The cases are REMANDED for resentencing.