87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phillip Benjamin GUNN, Petitioner-Appellant,
v.
James H. GOMEZ, Director; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-56303.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 4, 1996.
Decided June 20, 1996.
 
 Before: FLETCHER, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gunn, after exhausting his claim unsuccessfully in state court, petitioned for a federal writ of habeas corpus. He was granted an evidentiary hearing. Both he and his trial attorney, Francis Bardsley, testified, and findings of fact were made. We review the district court's denial of habeas relief de novo. Thompson v. Borg, 74 F.3d 1571, 1573 (9th Cir.1996). Findings of fact made by the district court relevant to that decision are reviewed for clear error. Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir.1995). The state court's factual conclusions are entitled to a presumption of correctness under 28 U.S.C. § 2254(d). Thompson, 74 F.3d at 1573. We review mixed questions of fact and law de novo, but review the trial court's refusal to substitute counsel for abuse of discretion. Id.; Bland v. California Dept. of Corrections, 20 F.3d 1469, 1475 (9th Cir.1994).
 
 
 3
 Gunn argues that the district court erred in concluding that the trial court's failure to allow him to substitute counsel did not violate his constitutional rights. To review the denial of Gunn's requests, we consider the following factors: "(1) timeliness of the motion; (2) adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense." Bland, 20 F.3d at 1475. We assume without deciding, for purposes of discussion, that Gunn's request for a different lawyer was timely, and that the state court's inquiry into Gunn's complaints about his lawyer was inadequate. Nevertheless, the third Bland factor, "whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense," was not satisfied on this record.
 
 
 4
 Gunn withdrew his request for a new lawyer, in his series of letters to the state Superior Court. Withdrawal of the request tends to show that there was no "total lack of communication." First Gunn made an oral request for a new lawyer. He argued on March 24, 1980 that he did not feel it was fair to have a public defender on a death penalty case, and that because of the seriousness of the potential penalty, he should have a court-appointed lawyer instead. But in a letter he wrote to the judge on June 28, 1980, Gunn withdrew his request for a new lawyer. Gunn had no reticence about speaking up when he was not spoken to in court, and expressing his dissatisfactions with counsel, as he had on March 24, 1980. After the letter withdrawing the request for a new lawyer, the state judge who tried the case found that "there was never any oral motion ... to replace defense counsel."
 
 
 5
 The state judge who tried Gunn's case found "that if the defendant was dissatisfied with counsel, he had many opportunities to call it to the court's attention in the time that I was in on the case. I never observed any dissatisfaction with Mr. Bardsley." This tends to show absence of the third Bland element. The judge's observation was consistent with Gunn's remark to Mr. Bardsley. When Mr. Bardsley expressed surprise at Gunn's request for a new lawyer, Gunn said "not to worry about it, that he was just making his record."
 
 
 6
 The above facts, and also the state trial judge's observations of the relationship between lawyer and client and the lawyer's effective presentation at trial showed that there was not any conflict between Gunn and his attorney so great as to result "in a total lack of communication preventing an adequate defense." Bland, 20 F.3d at 1475. The state trial judge found that "the defendant seems to be getting along very well with his counsel based on my observations, and I certainly saw nothing wrong with Mr. Bardsley's handling of the case. It was exemplary, and it was certainly very aggressive, I would say."
 
 
 7
 Gunn's complaints about his lawyer were generally frivolous. He complained that his lawyer was a public defender, and that his lawyer had encouraged him to agree to a plea bargain, neither of which would be grounds for replacing his lawyer. He also complained that his lawyer did not obtain his address book from the court, but it is hard to see how his lawyer could, because it had been booked in as evidence. Also, his lawyer had reason to avoid drawing attention to it, because of the Cadillac receipt.
 
 
 8
 The constitutional error claimed by Gunn is denial of the effective assistance of counsel. But Gunn's case is not at all like Brown v. Craven, 424 F.2d 1166 (9th Cir.1970), because there, the defendant "would not, in any manner whatsoever, communicate" with his lawyer, and as a result the defendant received "only perfunctory defense." Id. at 1169. In this case, as the state judge found, and as the district court found after a hearing on the habeas corpus petition, Gunn communicated extensively with his attorney. Gunn's case is even weaker than United States v. Castro, 972 F.2d 1107 (9th Cir.1992), because in Castro a language problem impeded communication, but here it did not. In Castro we nevertheless held that because client and counsel communicated by means of an interpreter, and Castro "advanced no evidence that any lack of communication prevented the presentation of his defense," id. at 1110, the "complete breakdown in communication and a consequent inability to present a defense" element to be reviewed in considering denial of substitution of counsel was not satisfied. Id. at 1109. See also United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986) ("counsel was vigorous and well prepared in his argument"); United States v. Schaff, 948 F.2d 501, 505 (9th Cir.1991) ("the record reflects that Schaff and counsel conferred and communicated").
 
 
 9
 We need not decide whether to accept Gunn's argument that we should review the extent of the conflict between him and his lawyer de novo, because it would not affect the outcome.
 
 
 10
 Gunn says that his lawyer told him "you're a fool and there's no way I can help you beat your case," in the course of encouraging him to plea bargain. His lawyer said that this remark was never made. A magistrate listened to both of them testify, and found that where they differed, Gunn was lying and his lawyer was telling the truth. The district court adopted that finding. There is no basis for setting it aside. In addition to the magistrate's observations of the demeanor of each of the witnesses, the magistrate correctly pointed out that Gunn has told several wildly inconsistent stories about the events of the crime, according to what seemed convenient and likely to work at the time, so Gunn was unreliable as a witness. We do not intimate that, had Mr. Bardsley told Gunn what Gunn claims, that would have established ineffective assistance of counsel. Sometimes the wisest and most effective representation a lawyer can give a client is to advise him that his case is hopeless and a guilty plea would give him the best chance for a less severe sentence. Because the district court made a finding of fact that Mr. Bardsley did not say what Gunn alleges, we need not determine whether, if he had, there would have been any reason to relieve him as counsel.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3