**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Vernell WHITE, Defendant–Appellant.**

No. 01–50046.
D.C CR–00–00091–DOC/MLR.

United States Court of Appeals,
Ninth Circuit.

Submitted March 4, 2002.[1]

Decided March 19, 2002.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Before PREGERSON, FISHER, and TALLMAN, Circuit Judges.

### MEMORANDUM[2]

Vernell White ("White") appeals his conviction and sentencing, following a jury trial, on one count of armed bank robbery and one count of brandishing a firearm during and in relation to a crime of violence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

■ White raises three arguments on appeal. First, he claims that the district court committed reversible error by failing to suppress evidence of an in-field identification procedure because it was impermissibly suggestive. In deciding whether an identification procedure violated a defendant's right to due process, the trial court must determine whether, under the totality of circumstances, the procedure was so impermissibly suggestive that it created a "very substantial likelihood" of misidentification. *Neil v. Biggers,* 409 U.S. 188, 198, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The in-field identification procedure was not impermissibly suggestive because the officers admonished each witness that there was no obligation to identify anyone and each witness viewed the defendants independently from the other witnesses. Even if the show-up was suggestive, there are substantial indicia that the witnesses' identifications were reliable and, therefore, the identifications were properly admitted at trial. *See Biggers,* 409 U.S. at 198–99 (listing five factors for trial courts to consider in determining the likelihood of misidentification).

■ White next claims that the district court committed reversible error by overruling White's objection to the prosecution's questions to White as to why he had

not explained his presence in Irvine (where the bank robbery took place) to the booking officers or to others before trial and by allowing the prosecution's reference during closing argument to White's silence. We conclude that the district court committed plain error. The error was harmless, however, because of the independent and overwhelming evidence of White's guilt. *See United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ Finally, White argues that the district court committed reversible error in denying White's motion to substitute counsel because the district court failed to make an adequate inquiry into the nature of the conflict. We disagree. Our inquiry into whether White was wrongly denied the opportunity to substitute counsel at sentencing focuses on three considerations: (1) the adequacy of the district court's inquiry; (2) the extent of the conflict between White and his counsel; and (3) the timeliness of the motion weighed against the extent of any inconvenience or delay that would result from granting the motion. *See United States v. Corona–Garcia,* 210 F.3d 973, 976 (9th Cir.2000).

In *United States v. McClendon,* 782 F.2d 785 (9th Cir.1986), we upheld the district court's denial of a motion for substitution of counsel because "[the defendant's] description of the problem and the judge's own observations provided sufficient basis for reaching an informed decision." *Id.* at 789. Thus, we held that "the district court's failure to conduct a formal inquiry was not fatal." *Id.*

In the instant case, White's letter, defense counsel's declaration, and the judge's own observations provided a sufficient basis for making an informed decision. Moreover, the record reveals that the

breakdown in communication was not so great that it prevented defense counsel from representing White in the sentencing proceedings. Under these circumstances, and considering that the motion was filed nearly three months after the verdict was reached, we conclude that the district court judge did not abuse his discretion when he denied the motion to substitute counsel.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.