**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Rickey D. CHRISTIAN, Defendant— Appellant.**

No. 02–30433.

D.C. No. CR–02–00056–EFS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2003.

Decided Jan. 2, 2004.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM *

Appellant Rickey D. Christian appeals his conviction for being a felon in possession of a firearm. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

■ The district court properly excluded time from the running of the Speedy Trial Act limitation period,[1] both with respect to pending motions and the "ends of justice" provisions of 18 U.S.C. § 3161(h)(1)(F) and (8)(A).

II

■ The district court did not abuse its discretion[2] in denying Appellant a fourth new lawyer. The court's inquiry was adequate.[3] Further, there was no showing that the degree of conflict between Appellant and his lawyer was so great that it resulted in a total lack of communication preventing an adequate defense.[4]

III

■ We decline to consider Appellant's claims of ineffective assistance of counsel. Claims of ineffective assistance "are generally inappropriate on direct appeal" due to the lack of a sufficient evidentiary record.[5] The record here is not sufficiently developed to permit review. Additionally, Appellant's counsel was not so inadequate as to obviously deny him his Sixth Amendment right to counsel.[6]

IV

■ The district court did not abuse its discretion in refusing to accept Appellant's guilty plea. Appellant refused to engage in a plea colloquy. Therefore, the district court could not determine whether there was a factual basis for the plea.[7]

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. See, e.g., United States v. Gorman, 314 F.3d 1105, 1115 (9th Cir.2002).

2. See United States v. McKenna, 327 F.3d 830, 843 (9th Cir.), cert. denied, — U.S. —, 124 S.Ct. 359, 157 L.Ed.2d 254 (2003) (setting forth standard of review).

3. See United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986).

4. Id.

5. United States v. Ross, 206 F.3d 896, 900 (9th Cir.2000).

6. Id.

7. See FED. R.CRIM. P. 11(f) (2002).

## V

■ Sufficient evidence existed to support the conviction. Several witnesses identified the Appellant as the individual who pulled a firearm out of his pocket and pointed it at a man in the tavern. In addition, Appellant's ex-wife identified the weapon as belonging to Appellant. No error, much less plain error,[8] has been shown to exist.

## VI

■ We decline to consider Appellant's argument that his statements to a transporting agent were involuntary and should have been suppressed. His failure to raise the argument before the trial court constitutes a waiver of the issue. Federal Rule of Criminal Procedure 12(b)(3) "requires that motions to suppress evidence be raised prior to trial," and "failure to bring a timely suppression motion constitutes a waiver of the issue."[9]

AFFIRMED.

---

8. *United States v. Archdale,* 229 F.3d 861, 867 (9th Cir.2000) (setting forth standard of review).

9. *United States v. Murillo,* 288 F.3d 1126, 1135 (9th Cir.), *cert. denied,* 537 U.S. 931, 123 S.Ct. 333, 154 L.Ed.2d 228 (2002) (citation omitted).