**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 09-30407 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00053-JDS-1 |
| v. | |
| **PATRICK LEE BIG LAKE**, | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, District Judge, Presiding

Submitted October 6, 2010[**]
Seattle, Washington

Before:     **KOZINSKI**, Chief Judge, **THOMAS** and **M. SMITH**, Circuit
Judges.

The district judge did not abuse his discretion in denying Big Lake's motion

for new counsel.  See United States v. Mendez-Sanchez, 563 F.3d 935, 942 (9th

Cir. 2009).  First, the motion wasn't timely.  The judge had already granted Big

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Lake's prior motion for new counsel, the motion was made less than two weeks before trial and any newly appointed attorney would have required a sixth continuance. See id. (motion for new counsel untimely where defendant "made the motion little more than two weeks before trial" and "new counsel, if permitted, would have required additional time to prepare"); see also United States v. Roston, 986 F.2d 1287, 1292 (9th Cir. 1993) (motion for new counsel untimely where defendant waited until two weeks before trial and "had been through three attorneys, and he was asking for a fourth"). Second, the judge's inquiry was adequate because he heard from both counsel and Big Lake about their relationship and thus had "a sufficient basis for reaching an informed decision." United States v. McClendon, 782 F.2d 785, 789 (9th Cir. 1986). Third, Big Lake hasn't shown that "the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense." Mendez-Sanchez, 563 F.3d at 942. Counsel put on an effective defense through cross-examination, and it was Big Lake who "unilaterally cut[]-off communication" despite counsel's repeated attempts to meet with him. United States v. Smith, 282 F.3d 758, 763 (9th Cir. 2002); see also Roston, 986 F.2d at 1293 (denial of motion for substitution of counsel upheld where defendant "attempted to use [his] refusal to communicate to get a new lawyer").

The district judge did not abuse his discretion in sentencing Big Lake to 400 months, a guideline sentence, because the sentence imposed is substantively reasonable under the totality of the circumstances.  See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**