**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10539 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00144-KJD-PAL-1 |
| v. | |
| DON EUGENE WHITE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted July 11, 2018
San Francisco, California

Before: TASHIMA, GRABER, and HURWITZ, Circuit Judges.

Don Eugene White appeals his conviction and sentence for possession of a

firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

We affirm the conviction but vacate the sentence and remand for resentencing.

1. The district court did not err in denying White's suppression motion.

"[T]he Fourth Amendment requires only reasonable suspicion in the context of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

investigative traffic stops." *United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000). Police officers had reasonable suspicion to detain White's vehicle because a record check performed before the stop revealed a parole or probation violation warrant associated with the car.

2. The warrantless search of the vehicle was also reasonable. "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) (per curiam). The smell of marijuana emanating from the vehicle provided probable cause. *See United States v. Kerr*, 876 F.2d 1440, 1445 (9th Cir. 1989) ("[T]he presence of the odor of contraband may itself be sufficient to establish probable cause."); *see also United States v. Guzman-Padilla*, 573 F.3d 865, 886 n.5 (9th Cir. 2009) ("It is undisputed that probable cause to conduct a full-scale search arose at the latest when the agents encountered the smell of unburned marijuana emanating from the vehicle."); *United States v. Garcia-Rodriguez*, 558 F.2d 956, 964 (9th Cir. 1977) ("The detection of marijuana odor emanating from a vehicle has been held sufficient in such situations to give rise to probable cause to search."). White argues that there was no probable cause because Nevada had legalized medical marijuana at the time of the search, *see* Nev. Rev. Stat. § 453A.200, and he had a medical marijuana card. But, White never explained this to the investigating officers, and possession of nonmedical marijuana was then

2

still a state crime.

3. The district court did not abuse its discretion in denying White's repeated motions to substitute counsel for a second time and second counsel's motions to withdraw. *See United States v. Prime*, 431 F.3d 1147, 1154 (9th Cir. 2005) (noting standard of review). To evaluate whether a district court abused its discretion in denying a motion to substitute counsel, "we consider three factors: (1) the adequacy of the district court's inquiry; (2) the extent of the conflict between the defendant and counsel; and (3) the timeliness of defendant's motion." *United States v. Reyes-Bosque*, 596 F.3d 1017, 1033 (9th Cir. 2010).

The district court held multiple hearings and questioned both White and his counsel extensively about their purported disagreements. *See Daniels v. Woodford*, 428 F.3d 1181, 1200 (9th Cir. 2005). The court did not abuse its discretion in denying the motions, as the record does not compel the conclusion that there was "a significant breakdown in communication that substantially interfered with the attorney-client relationship." *United States v. Adelzo-Gonzalez*, 268 F.3d 772, 779 (9th Cir. 2001). Indeed, many of White's initial complaints about second counsel were resolved by the court. And, White's final requests for substitution were made less than a month before trial, after the court had already granted several trial continuances. "It is within the trial judge's discretion to deny a motion to substitute made during or on the eve of trial if the substitution would require a continuance."

3

*United States v. McClendon*, 782 F.2d 785, 789 (9th Cir. 1986).

4. The district court applied a sentencing enhancement under U.S.S.G. § 2K2.1(a)(2), determining that White had two prior convictions for "crimes of violence" because he had been convicted of: (1) conspiracy to commit robbery, Nev. Rev. Stat. §§ 199.480 & 200.380; (2) robbery with a deadly weapon, *id.* §§ 193.165 & 200.380; and (3) assault with a deadly weapon, *id.* § 200.471. Subsequent to White's sentencing, we held that robbery under Nev. Rev. Stat. § 200.380 is not a crime of violence under § 2K2.1(a)(2). *United States v. Edling*, No. 16-10457, 2018 WL 3387366, at *3–5 (9th Cir. July 12, 2018), *as amended*. We therefore vacate White's sentence and remand for resentencing in light of *Edling*. *See, e.g.*, *United States v. Cooper*, No. 16-10413, 2018 WL 3322239, at *1–2 (9th Cir. July 6, 2018) (unpublished) (holding that robbery with a deadly weapon in violation of Nev. Rev. Stat. §§ 193.165 and 200.380 does not qualify as a "violent felony" under the Armed Career Criminal Act); *United States v. Bell*, No. 16-10416, 2018 WL 3195673, at *1 (9th Cir. June 29, 2018) (unpublished) (vacating and remanding in light of *Edling* when the district court had found that Bell's conviction for robbery with a deadly weapon in violation of Nev. Rev. Stat. §§ 193.165 and 200.380 qualified as a "crime of violence" under the Guidelines).

**CONVICTION AFFIRMED**, **SENTENCE VACATED**, and **REMANDED**.