**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEREMIAH LANCE WINCHESTER,

Petitioner-Appellant,

v.

MIKE OBENLAND, Superintendent
Washington State Dept. of Corrections;
ERIC JACKSON, Associate
Superintendent,

Respondents-Appellees.

No.    19-35940

D.C. No. 2:17-cv-01136-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted September 4, 2020[**]
Seattle, Washington

Before: BYBEE and COLLINS, Circuit Judges, and SOTO,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James Alan Soto, United States District Judge for the District of Arizona, sitting by designation.

Jeremiah Winchester appeals from a district court order denying his petition for habeas review based upon his Sixth Amendment right to counsel of his choice. We have jurisdiction under 28 U.S.C. § 2253. We review a district court's decision to deny habeas relief de novo. *Ramirez v. Ryan*, 937 F.3d 1230, 1240 (9th Cir. 2019). We affirm.

The parties are aware of the facts, and we will not recite them except as necessary for this order. Winchester brings two arguments on appeal. First, he argues that the district court erroneously denied habeas relief because the trial judge's denial of his motion to substitute counsel violated his Sixth Amendment right to counsel of his choice. Second, and alternatively, Winchester argues that the district court erred by denying habeas relief without holding an evidentiary hearing.

As an initial matter, the parties dispute whether we should apply the Antiterrorism and Effective Death Penalty Act's (AEDPA) deferential standard of review or whether the pre-AEDPA de novo standard governs. AEDPA's deferential standard only applies if the Washington Court of Appeals adjudicated Winchester's Sixth Amendment right-to-counsel-of-choice claim on its merits. *See Johnson v. Williams*, 568 U.S. 289, 292 (2013) (28 U.S.C. § 2254(d) applies only if the claim "has been adjudicated on the merits in State court") (internal

2

quotations omitted); *Pirtle v. Morgan*, 313 F.3d 1160, 1167–68 (9th Cir. 2002) (AEDPA's strict standard of review may be relaxed if the state court does not adjudicate the underlying claim on the merits). We need not resolve this question, however, because Winchester's arguments fail even under the pre-AEDPA standard of review.

Under the Sixth Amendment, a criminal defendant is entitled to be represented by the counsel of his or her choice. *Wheat v. United States*, 486 U.S. 153, 159 (1988). That right is not absolute, however, and a trial court enjoys "wide latitude in balancing the right to counsel of choice . . . against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) (citing *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983)). This balancing of "the defendant's reason for requesting substitution against the scheduling demands of the court" may entail a consideration of any "[c]onflict between the defendant and his attorney" where, as here, such conflicts are a stated reason for requesting substitution. *United States v. Rivera-Corona*, 618 F.3d 976, 980 (9th Cir. 2010). In such circumstances, it is appropriate to consider the same three factors that guide the trial judge's discretion in any substitution-of-counsel case: (1) the timeliness of the defendant's motion; (2) the adequacy of the trial judge's inquiry

into the defendant's complaints; and (3) the extent of the attorney-client conflict. *United States v. McClendon*, 782 F.2d 785, 789 (9th Cir. 1986).

Winchester argues that the trial judge failed to adequately inquire into his counsel-related complaints because the judge did not affirmatively ask whether Winchester intended to retain counsel or receive different appointed counsel. However, the Sixth Amendment does not impose such a duty on a trial judge. It only requires the judge to evaluate the defendant's complaints and reach an informed decision. *See id.* Here, the trial judge considered each of Winchester's complaints about his counsel before ultimately denying the motion.

Moreover, the trial judge heard Winchester's motion to substitute counsel for the first time on the morning of trial. At that point, a prospective jury panel was waiting to begin jury selection, and the attorneys—including Winchester's—were prepared to begin. Even assuming that Winchester had already retained counsel, "it would be extremely unlikely" that the new counsel would have been prepared to try the case. *United States v. Torres-Rodriguez*, 930 F.2d 1375, 1381 (9th Cir. 1991), *abrogated on other grounds by Bailey v. United States*, 516 U.S. 137 (1995). A "delay in the proceedings" would have been virtually certain in that scenario. *Id.* at 1380 n.2. All the while, Winchester's

appointed counsel was present and prepared to proceed. The trial judge did not abuse his discretion by denying Winchester's motion to substitute counsel.

Finally, Winchester is not entitled to an evidentiary hearing. To be entitled to an evidentiary hearing, Winchester must have alleged facts that, if proven, would entitle him to relief. *Horton v. Mayle*, 408 F.3d 570, 582 n.6 (9th Cir. 2005). Even if Winchester could prove that he had retained outside counsel as he claims, denying substitution of counsel on the morning of trial was a valid exercise of the trial court's discretion. Accordingly, the district court did not err in failing to hold an evidentiary hearing.

**AFFIRMED**.