Juan Moreno HAINES, Petitioner—
Appellant,

v.

E. ROE, Warden;  et al., Respondents—
Appellees.

No. 03–55917.

D.C. No. CV–00–01141–JNK/JFS.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2004.[*]

Decided Feb. 26, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Juan Moreno Haines, Calipatria, CA, for petitioner–appellant.

Attorney General, Adrianne S. Denault, DAG, AGCA–Office of the California Attorney General, San Diego, CA, for respondents–appellees.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM[\*\*]

Juan Moreno Haines, a California state prisoner, appeals the district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

■ Haines first contends that he was denied his Sixth Amendment right to represent himself. His contention fails because in order to properly invoke his right to represent himself, Haines had to assert the right in a timely manner. *See Jackson v. Ylst,* 921 F.2d 882, 888 (9th Cir.1990); *United States v. Schaff,* 948 F.2d 501, 503 (9th Cir.1991) (stating a demand for self-representation is timely if made before meaningful trial proceedings have begun, such as prior to jury selection, or before the jury is impaneled).

■ Haines next contends that his counsel was ineffective for failing to investigate other witnesses who could not identify the petitioner as the robber.[1] Haines' counsel was not ineffective. He fails to show prejudice because he does not provide facts that support a reasonable probability these witnesses would have raised reasonable doubt respecting his guilt. *See Strickland v. Washington,* 466 U.S. 668, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Haines contends that his constitutional rights were adversely affected because of a conflict of interest existing between his two public defenders representing him on separate charges. His contention fails because he provides no support showing an actual conflict existed between his two attorneys. *See Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (requiring a showing of actual conflict when failing to object at trial); *James v. Borg,* 24 F.3d 20, 26 (9th Cir.1994) (stating "conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief").

■ Haines argues that the state court's denial of his motion for a continuance or in the alternative for a mistrial violated his right to due process. Haines must show prejudice from the denial of his motions. *See Armant v. Marquez,* 772 F.2d 552, 556 (9th Cir.1985). His argument fails because he has never shown any evidence that his alibi witness, who left town without explanation, would testify had his motions been granted. *See id.*

■ Next, Haines contends that the state court abused its discretion in denying his motion to suppress evidence at trial.

---

[\*\*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. To the extent that Haines' habeas petition is raising new ineffective assistance of counsel claims, those contentions are denied because they were neither raised in his first habeas petition, nor in his COA request. *See* Ninth Circuit Rule 22–1.

To get habeas relief on a Fourth Amendment violation, Haines must show both a Fourth Amendment violation and a denial of the opportunity in state court for a full and fair litigation of that Fourth Amendment claim at trial and on direct review. *Stone v. Powell,* 428 U.S. 465, 481–82, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). This contention fails because Haines had a full and fair opportunity to litigate this claim at trial and on direct review. *See id.*

Finally, Haines contends that he was denied his Sixth Amendment right to counsel by the trial court's denial of his motion for substitution of counsel pursuant to *People v. Marsden,* 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44 (1970). We disagree. First, Haines filed his *Marsden* motion during trial. It was appropriate for the court to deny the motion when made at such a late time. *See United States v. McClendon,* 782 F.2d 785, 789 (9th Cir.1986); *United States v. Castro,* 972 F.2d 1107, 1109 (9th Cir.1992) (affirming a denial of substitution made three days prior to trial). Second, the trial court inquired into Haines' reasons for seeking substitution of counsel. *See Castro,* 972 F.2d at 1109. Third, based on the record and on Haines' testimony during the motion, there is no evidence of a total lack of communication between Haines and his attorney resulting in a complete inability to present a defense. The trial court thus did not commit constitutional error in declining to substitute counsel. *See Hudson v. Rushen,* 686 F.2d 826, 829 (9th Cir.1982) (establishing the factors used to evaluate a trial court's denial of a motion for new counsel).

**AFFIRMED.**