**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thin Edward SOU, Defendant–**
**Appellant.**

No. 05–10706.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2006.*

Filed Jan. 8, 2007.

Rehearing Denied March 1, 2007.

John N. Glang, Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Eric Krebs, Esq., Law Offices, San Francisco, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

### OVERVIEW

Thin Edward Sou appeals his jury conviction and 240–month sentence for conspiracy to distribute methamphetamine and distribution of methamphetamine. He argues that the district court violated his Sixth Amendment rights by denying his motion to substitute counsel made just before jury selection. Sou also argues that the district court erred by giving the sentencing guidelines presumptive weight in violation of *United States v. Zavala,* 443 F.3d 1165, 1170–71 (9th Cir.) (refusing to adopt a presumption of reasonableness for within-range guideline sentences), *en banc reh'g granted,* 462 F.3d 1066 (2006), and *United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir.2006) (holding that sentencing guidelines are the starting point of sentencing), and that his 240–month sentence is unreasonable under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court failed to consider that (1) the drug-smuggling trip never happened, (2) he accepted responsibility, and (3) he would likely be deported after serving his sentence.

### STANDARD OF REVIEW

"A district court's refusal to substitute counsel is reviewed for abuse of discretion." *United States v. Prime,* 431 F.3d 1147, 1154 (9th Cir.2005) (citing *United States v. Castro,* 972 F.2d 1107, 1109 (9th Cir.1992)). Factual findings are reviewed for clear error. *United States v. McKenna,* 327 F.3d 830, 843 (9th Cir.2003).

A district court's sentence is reviewed for "unreasonableness" in light of sentencing factors in 18 U.S.C. § 3553(a). *Cantrell,* 433 F.3d at 1278 (citing *Booker,* 543 U.S. at 258–265, 125 S.Ct. 738 (2005)). The district court's interpretation of the sentencing guidelines is, however, reviewed de novo; the application of the sentencing guidelines to the facts is reviewed for an abuse of discretion; and the factual findings are reviewed for clear error. *Id.* at 1279.

### DISCUSSION

### I. *Substitution of Counsel*

■ "[I]f the relationship between lawyer and client completely collapses, the refusal to substitute new counsel violates [the defendant]'s Sixth Amendment right to effective assistance of counsel." *United States v. Moore,* 159 F.3d 1154, 1158 (9th Cir.1998) (citing *Brown v. Craven,* 424 F.2d 1166, 1170 (9th Cir.1970)). In reviewing whether such an irreconcilable conflict exists, the court of appeals considers three factors: (1) the adequacy of the court's inquiry into the defendant's complaint, (2) the extent of the conflict between the defendant and counsel, and (3) the timeliness of the motion and the extent of resulting inconvenience and delay. *McKenna,* 327 F.3d at 843.

#### A. Timeliness

In this case, Sou informed the district court for the first time that he wanted to substitute counsel on the morning his trial was supposed to begin, with jurors waiting

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to be empaneled. Sou made no effort to contact the district court or counsel regarding his desire for new counsel before the trial date, and there was no evidence of prior problems between Sou and his trial counsel. Therefore, the district court properly denied Sou's motion as untimely. *See United States v. McClendon,* 782 F.2d 785, 789 (9th Cir.1986) ("It is within the trial judge's discretion to deny a motion to substitute made during or on the eve of trial if the substitution would require a continuance.").

## B. The Adequacy of the District Court's Inquiry

The district court provided an ex parte hearing and the court explored Sou's concerns by asking both Sou and trial counsel specific questions relating to both the frequency and substance of their conversations. Therefore, the district court conducted a detailed and sufficient inquiry into the nature of Sou's claimed conflict, and properly denied Sou's request for new counsel. *See United States v. Prime,* 431 F.3d 1147, 1155 (9th Cir.2005) (concluding that the court's inquiry was adequate after the defendant was given a full opportunity to express his concerns and the court questioned counsel extensively about their commitment to the case and their communications.).

## C. Extent of the Conflict

Sou's communication problems with his counsel did not rise to the level of a total breakdown in communications. Sou was still communicating regularly with trial counsel. Sou admitted that he regularly spoke with trial counsel on the phone and that counsel discussed plea offers and trial tactics with him. This type of regular communication between counsel and Sou is a far cry from a complete breakdown in the relationship, or lack of communication.

*See Moore,* 159 F.3d at 1154, 1159–60; *see also United States v. Corona–Garcia,* 210 F.3d 973, 977 (9th Cir.2000) ("[D]espite vague assertions to the contrary, both Corona–Garcia and his lawyer admitted that they were in fact communicating. [citation omitted] Thus, our examination of the record reveals that although there was some limited conflict between Corona–Garcia and his lawyer, it was not extensive."); *United States v. Schaff,* 948 F.2d 501, 505 (9th Cir.1991) (holding there is no right to a "meaningful relationship" between an accused and counsel) (quoting *Morris v. Slappy,* 461 U.S. 1, 14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983)). Because there was not a total breakdown of communications between Sou and his trial counsel that deprived Sou of a meaningful defense, the district court properly denied Sou's motion for new counsel.

## II. *Challenges to Sou's Sentence*

### A. Presumption of the Guidelines

■ Sou argues that the district court improperly presumed the guideline calculation in the Presentence Report ("PSR") was correct, in violation of *Zavala,* 443 F.3d at 1170–71 (refusing to adopt a presumption of reasonableness for within-range guideline sentences), *en banc reh'g granted,* 462 F.3d 1066 (2006), and *Cantrell,* 433 F.3d at 1280 (holding that sentencing guidelines are a "starting point" of sentencing). In *Cantrell,* we held that the district court must correctly calculate a defendant's guideline range, using the offense level and criminal history points. 433 F.3d at 1280. Once the correct range is calculated, the guidelines serve as a starting point for sentencing. *Id.* In *Zavala,* this court also held that a sentence within the guideline range is not presumptively reasonable. 443 F.3d at 1166, *en banc reh'g granted,* 462 F.3d 1066 (2006). Specifically, the error in *Zavala* was that:

[a]t the commencement of the sentencing hearing, the district court assumed that the calculated "Guideline range becomes a presumptive sentence," and the court must then decide if the other factors in 18 U.S.C. § 3553(a) "would justify the Court in imposing a lesser sentence than that set forth in the Guideline range." Moreover, the district court declared that the burden was on Zavala to explain any justification for imposing a different sentence—one below life imprisonment.

*Id.* (citation omitted); *see also United States v. Carty,* 453 F.3d 1214, 1221 (9th Cir.), *en banc reh'g granted,* 462 F.3d 1066 (2006).

Here, however, there is no evidence that the court gave any presumptive weight to the guideline range. Rather, the district court merely stated that the guideline *calculation* was correct, in accordance with *Cantrell's* language to correctly calculate the guideline range and sentenced Sou fifty-two months below the guideline range. Accordingly, because the district court's statement reflected that Sou's guideline range had been properly calculated and not that the guideline range was presumptively reasonable, there was no error.

**B. Reasonableness**

█ Sou also argues that his sentence is unreasonable because the district court failed to consider the factors he argued in its § 3553(a) analysis. Notwithstanding Sou's arguments, a review of the record discloses that Sou's 240–month sentence was reasonable.

The comments to the guidelines indicate that only in rare circumstances may a defendant who presses on to trial may also claim that he has accepted responsibility. U.S.S.G. § 3E1.1, cmt.2. There is no evidence that Sou is one of those rare cases. *Cf. United States v. McKinney,* 15 F.3d 849, 852 (9th Cir.1994) (concluding that downward departure for acceptance of responsibility was available where defendant led the police to evidence, prior to arrest, confessed, and tried to plea guilty on several occasions but the trial judge would not allow him to change his plea). Therefore, the district court properly found that Sou did not deserve a lower sentence for acceptance of responsibility.

In addition, Sou incorrectly argues that the district court refused to consider Sou's immigration status when in fact, the district court specifically considered Sou's immigration status.

Finally, Sou argues that the district court inadequately considered his incomplete conspiracy, acceptance of responsibility, and deportation arguments under § 3553(a). All *Booker* requires is that a district court consider the § 3553(a) factors. *United States v. Mix,* 457 F.3d 906, 912 (9th Cir.2006) ("Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.") (citation and internal quotation marks omitted). Here, the district court considered the proper factors under § 3553(a).

Accordingly, the district court's judgment and sentence is **AFFIRMED.**