

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10420 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00362-LJO-1 |
| v. | |
| STEVEN CHARLES LAUBLY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 5, 2012[**]
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

Stephen Charles Laubly appeals the district court's denial of his pre-trial

motion to appoint new counsel and his 96-month sentence for one count of willful

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failure to file a tax return and three counts of tax evasion. We have jurisdiction under 18 U.S.C. § 3742(a) and 18 U.S.C. § 1291, and we affirm.[1]

**1.** We review a district court's denial of a motion to substitute counsel for abuse of discretion. *United States v. Reyes-Bosque*, 596 F.3d 1017, 1033 (9th Cir. 2010). A denial of a timely motion to appoint new counsel is proper if the district court conducts an adequate inquiry and determines there was not a "significant breakdown in communication that substantially interfered with the attorney-client relationship." *United States v. Mendez-Sanchez*, 563 F.3d 935, 943 (9th Cir. 2009) (citation and internal quotation marks omitted). Here, the district court's inquiry was adequate because he questioned both Laubly and counsel at length about their relationship and had "a sufficient basis for reaching an informed decision." *United States v. McClendon*, 782 F.2d 785, 789 (9th Cir. 1986). Furthermore, the asserted conflict centered around the filing of certain pre-trial motions and thus was not a significant breakdown in communications that warranted appointing new counsel. *United States v. McKenna*, 327 F.3d 830, 844 (9th Cir. 2003); *Reyes-Bosque*, 596 F.3d at 1034.

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

**2.**     Federal sentences must be procedurally correct and substantively reasonable. *United States v. Carty*, 520 F.3d 984, 991–93 (9th Cir. 2008) (en banc). Because Laubly failed to object to the district court's alleged procedural errors at sentencing in the district court, we review for plain error. *United States v. Burgum*, 633 F.3d 810, 812 (9th Cir. 2011). Here, the district court correctly calculated the Sentencing Guidelines range and explicitly considered the 18 U.S.C. § 3553(a) factors as they applied to Laubly. The district court did not plainly err in considering Laubly's own statement that he paid taxes only once in his life, in 1968. Laubly never disputed that statement, and the "district court may rely on undisputed statements in the PSR at sentencing." *United States v. Ameline*, 409 F.3d 1073, 1085–86 (9th Cir. 2005) (en banc). Moreover, the district court did not rely on improper considerations of Laubly's in-court conduct, but rather based the sentence on the § 3553(a) factors. Thus, the sentencing was not procedurally erroneous.

"[T]he substantive reasonableness of a sentence—whether objected to or not at sentencing—is reviewed for abuse of discretion." *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2008). In determining substantive reasonableness, the court considers "the totality of the circumstances, including the degree of variance for a sentence imposed outside the guidelines range." *Carty*, 520 F.3d at 993.

Here, the district court properly applied the guidelines and imposed a sentence based on a reasonable application of the § 3553(a) factors. The court reasonably concluded that Laubly's high level of intelligence, the sophistication and seriousness of his crimes, his decades of not paying taxes, and his acts of deceit and false testimony warranted an upward variance from the guidelines range.

**AFFIRMED.**